REVISED August 23, 2010

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————

No. 09-40873

—————

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 23, 2010

Lyle W. Cayce
Clerk

DONNA WEST,

                              Plaintiff-Appellant,

versus

TYLER PERRY, Doing Business as Tyler Perry Company;
LIONS GATE ENTERTAINMENT, INC.; TYLER PERRY COMPANY, INC.,

                              Defendants-Appellees.

—————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:07-CV-200

—————

Before DAVIS, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Donna West sued Tyler Perry and his distributor, alleging that his movie copied elements of a play she had written and performed at a location where Perry later worked before becoming commercially successful. A jury found in favor of defendants. On appeal, West claims the district court erred in (1) granting summary judgment to defendants on some of her state-law claims; (2) denying her motion for a new trial; and (3) awarding costs to defendants for expedited trial transcripts.

We have reviewed the briefs and applicable law, have consulted applicable portions of the record, and have heard oral argument. There is no reversible error.

The district court properly granted summary judgment to defendants on West's state-law claims of unfair competition and conversion, which are preempted by section 301(a) of the Copyright Act, 17 U.S.C. § 301(a). E.g., Daboub v. Gibbons, 42 F.3d 285, 289 (5th Cir. 1995). Even if they were not preempted, they would be barred by the Texas two-year statute of limitations.

The district court did not abuse its discretion in denying a new trial. The district court's memorandum opinion explaining its denial is persuasive in showing that there was no absence of evidence to support the verdict.

There also was no error, and surely no reversible error, in the jury charge. There was no error in the conditional refusal to allow introduction of West's copyright registration without presentation of the entire registration to the jury. There is no reversible error, and surely no harmful error, occasioned by defense counsel's statements. Finally, there is no merit to West's assertion that Perry's expert was not qualified.

West's challenge to the cost of expedited transcripts is similarly unjustified. The district court is in the best position to judge the need for such transcripts.

The judgment, well grounded in the verdict, is AFFIRMED.